ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RANDA SHEBLY COBB<br><br>Peticionaria<br><br>v.<br><br>JUSTIN CHARLES COBB<br><br>Recurrido | TA2026CE00788 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV01895<br><br>Sobre: Liquidación de Comunidad de Bienes Gananciales |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Randa Shebly Cobb ("señora Shebly" o "Peticionaria") mediante *Certiorari* y nos solicita que revisemos y revoquemos una *Minuta* dictada el 5 de mayo de 2026, notificada el 20 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud de la aludida determinación, el TPI concedió un término para culminar el descubrimiento de prueba. A su vez, nos solicita que revisemos y revoquemos unas Órdenes emitidas el 5 de junio de 2026 por el TPI. Mediante los referidos dictámenes, el TPI razonó que el término para solicitar la reconsideración de la *Minuta* comenzó a transcurrir cuando la orden fue emitida en corte abierta.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *certiorari*, por falta de jurisdicción, por prematuro.

**I.**

El 11 de abril de 2025, la señora Shebly presentó una *Demanda* sobre división de bienes gananciales en contra de su excónyuge, Justin Charles Cobb ("señor Cobb" o "Recurrido"). Consecuentemente, el 26 de junio de 2025, el señor Cobb radicó su *Contestación a Demanda*. Así las cosas, el 27 de junio de

2025, el TPI emitió una *Orden* a través de la cual le ordenó a las partes iniciar el descubrimiento de prueba dentro de un término de diez (10) días.

En cumplimiento, el 7 de julio de 2025, la señora Shebly le remitió al señor Cobb un *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos*. Posteriormente, el 13 de agosto de 2025, la señora Shebly instó una *Moción en Solicitud de Orden*, con la intención de que se le ordenara al señor Cobb proveer las contestaciones al interrogatorio cursado y suministrar los documentos solicitados. En igual fecha, el TPI le ordenó al señor Cobb proveer lo solicitado en un término perentorio de diez (10) días.

El 25 de agosto de 2025, el señor Cobb presentó una *Moción en Cumplimiento de Orden sobre Descubrimiento de Prueba*. Señaló que, ese mismo día, le había cursado a la señora Shebly sus contestaciones al Primer Pliego. No obstante, adujo que se encontraba preparando un apéndice con la prueba documental solicitada, ya que la misma era voluminosa. De manera similar, el día siguiente, radicó una *Moción al Expediente Judicial* en la cual informó que le había cursado un Primer Pliego a la señora Shebly.

El 25 de septiembre de 2025, la señora Shebly instó una *Moción en Solicitud de Prórroga para Contestar Interrogatorio y Producción de Documentos y en Solicitud de Vista Presencial*. El día siguiente, el foro de instancia le concedió a la señora Shebly una prórroga de treinta (30) días para contestar el Primer Pliego cursado por el señor Cobb.

El 16 de octubre de 2025, se celebró un primer *Status Conference* en el cual se discutieron asuntos relacionados al descubrimiento de prueba. Conforme surge de la *Minuta*, el TPI dispuso que solo se permitiría un descubrimiento de prueba limitado a un periodo de tres (3) años previo a la fecha del divorcio. A su vez, puntualizó que el caso versaba única y exclusivamente sobre la división de la comunidad de bienes.

Nuevamente, el 7 de noviembre de 2025, la señora Shebly presentó una *Moción en Solicitud de Prórroga*. Manifestó que, debido al alto grado de complejidad y el volumen extraordinario de documentos, le resultaba imposible atender el pliego cursado por el señor Cobb dentro del término dispuesto por la

normativa procesal. Añadió que muchas de las contestaciones y documentos solicitados surgirían de las contestaciones a los mecanismos de descubrimiento de prueba dirigidos al propio señor Cobb. Como corolario, peticionó una prórroga adicional de quince (15) días para contestar el Primer Pliego. Ese mismo día, el TPI concedió la prórroga, según solicitada.

A su vez, en igual fecha, la señora Shebly radicó una *Moción en Solicitud de Orden bajo la Regla 34.2 de las Reglas de Procedimiento Civil de Puerto Rico.* Sostuvo que, al revisar las contestaciones al Primer Pliego provistas por el señor Cobb, surgían deficiencias y omisiones sustanciales que impedían el ejercicio pleno de su derecho a un descubrimiento de prueba. Expuso que, las partes se reunieron el 25 de octubre de 2025 con la intención de revisar las contestaciones y los documentos sometidos. No obstante, adujo que la discusión se centró en la posible negociación de un acuerdo transaccional.

Informó que, a esos fines, el señor Cobb presentó un documento en el cual desglosó ciertos activos y pasivos pertenecientes a la comunidad. Como consecuencia, aseveró que le solicitó al señor Cobb los documentos que sustentaban la información reflejada en el desglose, incluyendo la evidencia de balances, certificaciones bancarias y documentación de respaldo de los activos listados. Detalló que dicha información ya había sido peticionada en el Primer Pliego, pero no fue provista por el señor Cobb. Manifestó que la única información adicional remitida por el señor Cobb fueron copias de contratos de préstamos, sin certificaciones actualizadas de saldos ni evidencia que sustentara la existencia o el valor de los activos descritos en el desglose. Ante ello, arguyó que el señor Cobb intentaba alcanzar un acuerdo transaccional ocultando de forma intencional y temeraria la información sobre el valor de los activos y pasivos pertenecientes a la comunidad post ganancial.

Por otra parte, indicó que, el 31 de octubre de 2025, le cursó mediante correo electrónico las Objeciones a las Contestaciones al Interrogatorio y las Objeciones a la Producción de Documentos. Sin embargo, señaló que, el 7 de noviembre de 2025, el señor Cobb le respondió que objetaba cualquier requerimiento de información adicional, ya que el 15 de octubre de 2025 había

vencido el término para presentar objeciones al interrogatorio. Arguyó que dicha comunicación evidenciaba la intención del señor Cobb de obstaculizar el proceso de descubrimiento de prueba y de continuar ocultando información material y esencial para la adjudicación del caso. Por tanto, solicitó que se le ordenara al señor Cobb el cumplimiento inmediato con la producción de documentos requeridos.

El 3 de diciembre de 2025, se celebró un segundo *Status Conference* en el cual las partes tuvieron la oportunidad de discutir las controversias suscitadas en cuanto al descubrimiento de prueba. Por su parte, el señor Cobb manifestó que la señora Shebly no le había provisto la documentación requerida. A esos efectos, el TPI le ordenó a la señora Shebly a entregar la prueba documental en un término de diez (10) días.

Tras varias instancias, el 11 de febrero de 2026, el señor Cobb presentó una *Moción que pide Orden al amparo de la Regla 34.2 de las de Procedimiento Civil y otros extremos*. Señaló que le cursó a la señora Shebly sus objeciones a las respuestas provistas al Primer Pliego, pero no fueron atendidas. Por tanto, solicitó que se le ordenara suplir lo requerido, so pena de sanciones.

En respuesta, el 24 de febrero de 2026, la señora Shebly instó su *Moción en Réplica a Entrada 87 SUMAC*. Sostuvo que la solicitud de orden instada por la parte recurrida resultaba prematura, debido a que no había realizado esfuerzos razonables y de buena fe, previo a peticionar la intervención del tribunal. El 25 de febrero de 2026, el TPI emitió una *Orden* en la cual le indicó a las partes que la solicitud presentada por el señor Cobb sería discutida en la próxima vista.

Por otra parte, entre el 9 y 11 de marzo de 2026, la señora Shebly radicó cuatro (4) escritos intitulados *Moción Solicitando de Orden*, a los efectos de ordenarle al Small Business Administration y distintas corporaciones la divulgación de información relacionada al señor Cobb. Expuso que la documentación no fue provista por el señor Cobb, a pesar de haber sido solicitada mediante el Primer Pliego. Aquilatadas dichas solicitudes, el TPI indicó mediante *Orden* que serían atendidas en la próxima vista.

De manera similar, el 5 de mayo de 2026, la señora Shelby instó una *Moción en Solicitud de Orden – Descubrir lo Solicitado*. Reiteró que aún persistían omisiones sustanciales al Primer Pliego, quedando documentos previamente solicitados al señor Cobb sin ser producidos. Como resultado, solicitó que se le ordenara al señor Cobb producir lo solicitado.

En esa misma fecha, el 5 de mayo de 2026, se celebró un tercer *Status Conference*. Escuchados los argumentos de las partes en cuanto al descubrimiento de prueba, el 5 de mayo de 2026 el TPI emitió una *Minuta*, notificada el 20 de mayo de 2026. Mediante el referido dictamen, el TPI dispuso que el 30 de septiembre de 2026 sería el término final para culminar el descubrimiento de prueba y someter el Cuaderno Particional. A su vez, le otorgó a la señora Shebly un término de treinta (30) días para anunciar prueba pericial y someter el *curriculum vitae* del perito.

Inconforme, el 4 de junio de 2026, la señora Shebly presentó una *Moción en Solicitud de Reconsideración*. El 5 de junio de 2026, el TPI emitió una *Orden* mediante la cual dispuso lo siguiente: "NADA QUE PROVEER HABIENDO DECURSADO TÉRMINO PARA UNA RECONSIDERACIÓN".[1] En desacuerdo, ese mismo día, la señora Shebly instó una segunda *Moción en Solicitud de Reconsideración*. En igual fecha, notificada el 8 de junio de 2026, el foro de instancia dictó otra *Orden* en la cual expresó lo siguiente: "SIN LUGAR. ORDENES DADAS FUERON EMITIDAS EN CORTE ABIERTA Y DESDE ENTONCES (5 MAYO 2026) YA HA DECURSADO TERMINO DE 15 DIAS, CARECIENDO EL TRIBUNAL DE JURISDICCION PARA ATENDER UNA RECONSIDERACION".[2]

Insatisfecha aún, el 19 de junio de 2026, la señora Shebly acudió ante nos mediante un recurso de *Certiorari* en el cual le imputó al TPI la comisión de los siguientes errores:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL IMPONER COMO TÉRMINO FINAL EL 30 DE SEPTIEMBRE DE 2026 PARA CULMINAR EL DESCUBRIMIENTO DE PRUEBA Y SOMETER EL CUADERNO**

---

[1] Apéndice del recurso, Entrada Núm. 121.
[2] Apéndice del recurso, Entrada Núm. 123.

**PARTICIONAL, AUN CUANDO PERMANECÍAN PENDIENTES DE ADJUDICACIÓN MÚLTIPLES CONTROVERSIAS SUSTANCIALES RELACIONADAS CON LA SUFICIENCIA DE LAS CONTESTACIONES AL DESCUBRIMIENTO DE PRUEBA, LA PRODUCCIÓN DE DOCUMENTOS Y LA OBTENCIÓN DE EVIDENCIA EN PODER DE TERCEROS, PRIVANDO A LA PARTE PETICIONARIA DE UN DESCUBRIMIENTO DE PRUEBA COMPLETO Y ADECUADO Y MENOSCABANDO SU DERECHO AL DEBIDO PROCESO DE LEY.**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL IMPONER A LA PARTE PETICIONARIA UN TÉRMINO DE TREINTA (30) DÍAS PARA ANUNCIAR PRUEBA PERICIAL Y SOMETER EL CURRICULUM VITAE DE SUS PERITOS, SIN QUE HUBIESE CONCLUIDO EL DESCUBRIMIENTO DE PRUEBA Y SIN QUE SE HUBIESEN RESUELTO LAS CONTROVERSIAS PENDIENTES RELACIONADAS CON LA PRODUCCIÓN DE EVIDENCIA, IMPIDIENDO A LA PARTE PETICIONARIA EVALUAR ADECUADAMENTE LA NECESIDAD DE PRUEBA PERICIAL, LA ESPECIALIDAD REQUERIDA, EL ALCANCE DE LA EVALUACIÓN Y LA NATURALEZA DEL TESTIMONIO PERICIAL NECESARIO PARA LA ADECUADA PRESENTACIÓN DE SU CASO.**

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARARSE SIN JURISDICCIÓN PARA CONSIDERAR LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA PARTE PETICIONARIA, AL COMPUTAR ERRÓNEAMENTE EL TÉRMINO DISPUESTO EN LA REGLA 47 DE PROCEDIMIENTO CIVIL DESDE LA FECHA DE CELEBRACIÓN DE LA VISTA EN LUGAR DE LA FECHA DE NOTIFICACIÓN DE LA MINUTA, PRIVANDO ASÍ A LA PARTE PETICIONARIA DE QUE SUS PLANTEAMIENTOS FUERAN CONSIDERADOS EN SUS MÉRITOS Y VIOLANDO SU DERECHO AL DEBIDO PROCESO DE LEY.**

El 22 de junio de 2026, este Tribunal emitió una *Resolución* mediante la cual le concedimos a la parte recurrida un término para expresar su oposición. En cumplimiento, el 29 de junio de 2026, el señor Cobb presentó su *Alegato en Oposición a Recurso de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v.*

*American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba; su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001). Aunque de ordinario el descubrimiento de prueba ocurre sin intervención del tribunal, los foros primarios gozan de amplia discreción para regularlo. *McNeil Healthcare, LLC v. Mun. de las Piedras*, 206 DPR 659, 672 (2021). Los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto. *Íd.*

Este debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín,* 112 DPR 830, 834 (1982).* De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil establece, en lo aquí atinente, que:

> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

32 LPRA Ap. V., R. 23.1

De la regla precitada surge que el descubrimiento de prueba solo está limitado a dos aspectos: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation,* supra; *E.L.A. v. Casta,* 162 DPR 1, 9 (2004). Materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios evidenciarios reconocidos en las Reglas de Evidencia. *Ponce Adv. Med. v. Santiago González,* 197 DPR 891, 899 (2017); *E.L.A. v. Casta,* 162 DPR 1, 10 (2004).

En nuestro sistema jurídico, impera un descubrimiento de prueba extrajudicial que fomenta la flexibilidad y la cooperación entre las partes. *Casanovas et a. v. UBS Financial et al.,* 198 DPR 1040, 1054-1055 (2017), citando a *Vicenti v. Saldaña,* 157 DPR 37, 54 (2002). A esos efectos, la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V., R. 34, regula lo concerniente a las controversias relacionadas al descubrimiento y a la negativa de descubrir lo solicitado. De manera particular, la Regla 34.1 de Procedimiento Civil, *supra,* establece lo siguiente:

> Cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos

que se plantean en la moción y que éstos han resultado infructuosos.

Luego de haber presentado la aludida certificación, se le podrá solicitar al Tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. Regla 34.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.2.

**-C-**

La Regla 32 (B) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32 (B), dispone lo siguiente:

*B. Minutas*

(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. [...]

[...]

La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, **en cuyo caso será firmada por el juez o la jueza y notificada a las partes**.

[...]

(Énfasis suplido)

Atinente a los términos para solicitar su reconsideración o interponer un recurso de *certiorari*, el Tribunal Supremo ha resuelto que:

[U]na notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de certiorari ante el Tribunal de Circuito. **La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes**.

(Énfasis suplido). *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 251, 262 (2002).

En otras palabras, tales términos comenzarán a transcurrir a partir de la fecha de la notificación oficial de la minuta a las partes, aprobada con la firma de la juez o la jueza que emitió el dictamen. *Íd.*

**III.**

Mediante el tercer error, la parte peticionaria nos solicita que revisemos las Órdenes en virtud de las cuales el TPI denegó atender su solicitud de

reconsideración presentada, tras entender que fue instada de manera tardía. Arguye que el término para recurrir de una minuta comienza a transcurrir desde el momento en que es firmada por el juez o la jueza y notificada a las partes. Como consecuencia, expone que el plazo para solicitar la reconsideración de la *Minuta* aquí recurrida empezó a decursar el 20 de mayo de 2026, en lugar del 5 de mayo de 2026, conforme resolvió el TPI. Así dispuesto, sostiene que el foro de instancia erró al no considerar la *Moción en Solicitud de Reconsideración*. Por incidir sobre nuestra facultad revisora, el tercer error será atendido con primacía.

Surge del expediente que, el 5 de mayo de 2026, se celebró un *Status Conference*. Durante la misma, el TPI dictó, en corte abierta, una serie de órdenes recogidas en una *Minuta* la cual fue debidamente firmada y notificada el 20 de mayo de 2026. Ante ello, la señora Shebly oportunamente presentó una *Moción en Solicitud de Reconsideración* el 4 de junio de 2026, es decir, el mismo día en el cual vencía el término de quince (15) días dispuesto por la normativa procesal. No obstante, el TPI denegó atenderla en sus méritos, por entender que el término para presentar la solicitud de reconsideración comenzó a decursar desde el momento en que las órdenes fueron emitidas en corte abierta e, inclusive, determinó carecer de jurisdicción para atenderla.

Según hemos reseñado, la Regla 32 (B) de las Reglas para la Administración del Tribunal de Primera Instancia, *supra*, exige que, cuando el magistrado emite una resolución u orden en corte abierta, la minuta sea debidamente firmada por el juez o la jueza y notificada a las partes. En ese sentido, nuestro Máximo Foro ha resuelto que, en un caso civil, una notificación verbal en corte abierta no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de *certiorari*. *Sánchez et als. v. Hosp. Dr. Pila et als.*, 158 DPR 251, 262 (2002). Como consecuencia, el 4 de junio de 2026, la señora Shebly oportunamente solicitó la reconsideración de la *Minuta*. Resulta forzoso concluir que el TPI debía atender en sus méritos la *Moción en Solicitud de Reconsideración*. Tal omisión nos priva de jurisdicción al convertir el recurso en

uno prematuro, por dejar pendiente la resolución de la solicitud de reconsideración. Consecuentemente, el término para recurrir de la *Minuta* ante este foro apelativo empezará a transcurrir cuando el foro de instancia adjudique la reconsideración presentada por la señora Shebly.

No obstante, aun si tuviésemos jurisdicción para entender sobre el recurso, denegaríamos la expedición del auto solicitado. En esta etapa de los procedimientos, nuestra intervención resultaría inoportuna, ante el hecho de que el TPI ostenta la facultad para manejar el descubrimiento de prueba en el sano ejercicio de su discreción.

## IV.

Por los fundamentos que anteceden, se *desestima* el recurso de *certiorari*, por falta de jurisdicción, por prematuro. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Bayamón, para que atienda la *Moción en Solicitud de Reconsideración* presentada por la señora Shebly, conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones